VINCENT DEMACOPOULOS, an Infant, by NICK DEMACOPOULOS, His Guardian ad Litem, et al., Respondents, v. BERTHA MATTIELO, Appellant.

First Department, December 14, 1945.

*Joseph F. Murray* of counsel (*Lyman A. Spalding* with him on the brief; *James A. Doherty,* attorney), for appellant.

*Joseph J. Brophy* of counsel (*Desmond T. Barry* and *Edward A. Shandell* with him on the brief; *William M. Ziff,* attorney), for respondents.

*Per Curiam.* The action arose from an accident at the intersection of West 45th Street and Seventh Avenue in the city of New York, in which defendant's truck struck the infant plaintiff. The crucial questions on the evidence were whether the traffic light at the time of the accident was in the infant plaintiff's or defendant's favor, and whether a traffic officer who was at the intersection at the time waved defendant's truck ahead.

The traffic regulations as to right of way and as to the police officer's authority to direct traffic in disregard of the traffic signals were read to the jury. Nothing was said about such regulations in the charge in chief, but a request was made by plaintiffs' counsel to have the jury charged that a pedestrian who starts to cross a highway with the lights in his favor has the right of way over traffic on the highway until he reaches the other side, even though in the meantime the lights change. The court so charged and defendant's counsel took exception on the ground that the police officer had control of the traffic under the police regulations, and though the lights were green for the infant plaintiff, the police officer still had the right to regulate traffic. The court stated: "You may have your exception. The police officer certainly could not invite the traffic to continue on while pedestrians are proceeding on a green light, and endanger their lives."

In view of the close question on the evidence as to the color of the lights at the time of the accident (the infant plaintiff testified that the light turned red against him after he had taken two or three steps into Seventh Avenue), the authority and action of the traffic officer at the moment were of the utmost importance. The court's remarks at the very end of his charge were not an accurate statement of the regulations, and the implication that the action of the officer in waving defendant's truck on would endanger the lives of pedestrians was certainly prejudicial to the defendant.

The judgment should, therefore, be reversed and a new trial ordered, with costs to the appellant to abide the event.

MARTIN, P. J., DORE, COHN and PECK, JJ., concur; WASSERVOGEL, J., dissents and votes to affirm.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.